UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LAYTON K. PRICE | * | CIVIL ACTION NO. _____ |
| | * | |
| VS. | * | JUDGE _____ |
| | * | |
| | * | MAGISTRATE _____ |
| | * | |
| GALLIANO MARINE SERVICE, L.L.C. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES UNDER THE JONES ACT, ETC.**

NOW INTO COURT, through undersigned counsel comes Plaintiff, LAYTON K. PRICE, who files his Complaint against Defendant, GALLIANO MARINE SERVICE, L.L.C. and, in support thereof, would show unto the Court the following:

**PARTIES**

1.

Named Plaintiff herein is LAYTON K. PRICE, a person of majority age, and residing in Destrehan, Louisiana.

2.

Named Defendant herein is GALLIANO MARINE SERVICE, L.L.C., a domestic limited liability company authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

**JURISDICTION AND VENUE**

3.

This Honorable Court has jurisdiction over this matter pursuant to the Jones Act, 46 U.S.C. §30104 et seq., and the General Maritime Law of the United States. Venue is proper in accordance with 28 U.S.C. § 1391 (b)(2).

## FACTS

4.

Plaintiff, LAYTON K. PRICE is an American seaman protected by the Jones Act, 46 U.S.C. §30104 et seq.

5.

Plaintiff, LAYTON K. PRICE, would show that this lawsuit has become necessary as a result of occupational injuries he sustained on or about October 30, 2021. On or about October 30, 2021, employees and/or agents of Defendant GALLIANO MARINE SERVICE, L.L.C, negligently caused Plaintiff to sustain injuries in the course and scope of his employment as a wiper aboard the M/V LANEY CHOUEST.

6.

On or about October 30, 2021, Plaintiff, LAYTON K. PRICE, was employed by Defendant, GALLIANO MARINE SERVICE, L.L.C., as a seaman and member of the crew of the M/V LANEY CHOUEST, a multi-purpose light construction vessel.

7.

At all relevant times the M/V LANEY CHOUEST was owned by Defendant, GALLIANO MARINE SERVICE, L.L.C., and said vessel was further manned, provisioned, operated, and/or controlled by Defendant, GALLIANO MARINE SERVICE, L.L.C. At all relevant times, the M/V LANEY CHOUEST was a vessel in navigable waters moored starboard side to C-Port 3 in Port Fourchon, Louisiana.

8.

In connection with his assignment aboard the M/V LANEY CHOUEST, Plaintiff, LAYTON K. PRICE, sustained serious and debilitating injuries to his right thumb, hand, wrist,

forearm, shoulder, and chest among other parts of his body, on or about October 30, 2021, when his hand was suddenly torn and pulled into a capstan while attempting to surge a mooring line under tension. Plaintiff, LAYTON K. PRICE was working directly with and under the supervision of the captain of the vessel and it was the captain's order to surge the line by hand despite excessive tension instead of engaging the capstan and mechanically paying out the line to relieve the strain.

9.

To the extent that Plaintiff had any pre-existing injuries or medical condition(s) at the time of the occurrence in question, the same was not disabling, and he would respectfully show that such pre-existing condition, if any, was aggravated by the incident made the basis of this suit to such an extent that it became disabling, bringing about the necessity of medical treatment.

### **CAUSE OF ACTION FOR NEGLIGENCE UNDER THE JONES ACT AGAINST GALLIANO MARINE SERVICE, L.L.C.**

10.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

11.

Plaintiff brings this cause of action against Defendant, GALLIANO MARINE SERVICE, L.L.C., pursuant to the Jones Act, 46 USC §30104, et seq.

12.

On or about October 30, 2021, Defendant, GALLIANO MARINE SERVICE, L.L.C., employed Plaintiff as a crewmember aboard the M/V LANEY CHOUEST. At all relevant times, it was feasible for said Defendant to provide to Plaintiff, LAYTON K. PRICE, and said Defendant owed to Plaintiff, duties of care to provide, inter alia, a safe place to work. Plaintiff further contends

that on the occasion in question, Defendant, GALLIANO MARINE SERVICE, L.L.C., acting through its officers, agents, servants and/or employees, was careless and negligent in breach of the duty owed to its employee, Plaintiff, LAYTON K. PRICE. Defendant, GALLIANO MARINE SERVICE, L.L.C., was careless and negligent in the following respects:

   a. In failing to provide a safe work environment;
   b. In failing to provide adequate safety equipment and gear;
   c. In failing to properly inspect and maintain the vessel, its equipment and gear, in safe, working condition;
   d. In operating the vessel in an unsafe and improper manner; and,
   e. Other acts of negligence as proven at time of trial.

13.

On or about October 30, 2021, and as a direct and proximate result of the negligent acts of Defendant, GALLIANO MARINE SERVICE, L.L.C., Plaintiff developed severe and debilitating injuries to his right thumb, hand, wrist, forearm, shoulder, and chest among other parts of his body. Said occurrence and injuries occurred as a result of the negligence of Defendant, GALLIANO MARINE SERVICE, L.L.C., its agents, servants, and/or employees, acting in the course and scope of their employment or agency.

## AND SECOND CAUSE OF ACTION FOR UNSEAWORTHINESS

14.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

15.

Plaintiff brings this cause of action against Defendant, GALLIANO MARINE SERVICE, L.L.C., as set forth herein pursuant to the General Maritime Law of the United States of America.

16.

On or about October 30, 2021, the M/V LANEY CHOUEST was owned, operated, controlled, and/or manned by Defendant, GALLIANO MARINE SERVICE, L.L.C. At all relevant times, Defendant, GALLIANO MARINE SERVICE, L.L.C., owed a duty to furnish a vessel that was seaworthy in all respects and reasonably safe equipment and gear.

17.

On or about October 30, 2021, dangerous and unseaworthy conditions existed aboard the M/V LANEY CHOUEST, and Plaintiff, LAYTON K. PRICE, thus, was caused to sustain severe injuries. Defendant, GALLIANO MARINE SERVICE, L.L.C., failed to take reasonable and necessary steps to ensure the safety of the vessel's crew. On or about October 30, 2021, the M/V LANEY CHOUEST was unseaworthy in the following particulars:

   a. The vessel had an incompetent Master, pilot, and/or crew;
   b. There was a malfunction of some of the equipment on deck used for mooring;
   c. The vessel lacked adequate safety equipment and gear to protect the crew; and,
   d. Other unseaworthy conditions as proven at the time of trial.

18.

Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, GALLIANO MARINE SERVICE, L.L.C., is liable to the Plaintiff in damages.

### AND FOR A THIRD CAUSE OF ACTION FOR MAINTENANCE AND CURE GALLIANO MARINE SERVICE, L.L.C.

19.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

20.

Plaintiff brings this cause of action against Defendant, GALLIANO MARINE SERVICE, L.L.C., pursuant to the General Maritime Law of the United States of America.

21.

As an employee and seaman of Defendant, GALLIANO MARINE SERVICE, L.L.C., Plaintiff, LAYTON K. PRICE, is entitled under the General Maritime Law to the payment of maintenance and cure until his reaching of maximum medical cure. As of the drafting of this Complaint, Defendant, GALLIANO MARINE SERVICE, L.L.C., has failed to pay adequate maintenance and cure after being so advised of the needs of Plaintiff.

22.

On or about October 30, 2021, and on other dates thereafter, and ever since, Defendant, GALLIANO MARINE SERVICE, L.L.C., has wrongfully failed and/or refused to provide maintenance and cure to Plaintiff in breach of duties said Defendant owes to Plaintiff. Plaintiff further alleges that it was, and still is, the duty of Defendant, GALLIANO MARINE SERVICE, L.L.C., as his employer to furnish him with maintenance and cure and loss of wages. Plaintiff further alleges that Defendant, GALLIANO MARINE SERVICE, L.L.C., has unreasonably, arbitrarily, willfully, and capriciously refused to promptly pay full maintenance and cure benefits to him, and such sums were due and owing. As a result of Defendant's unreasonably failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries, pain and suffering, and additional expenses.

23.

Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection of the maintenance and cure benefits due to him. Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

24.

By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, GALLIANO MARINE SERVICE, L.L.C., is liable to Plaintiff:

a. Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary;
b. Physical and emotional injury, pain and suffering;
c. Prolongation and or aggravation of injuries;
d. Indebtedness for health care expenses;
e. Indebtedness for daily living expenses;
f. Punitive damages for the failure to honor maintenance and cure obligations;
g. Prejudgment interest; and,
h. Plaintiff's reasonable attorneys' fees.

All said injuries and damages in an extent, not now precisely known in excess of $250,000.00.

## **DAMAGES**

25.

As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of

which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries.  By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

26.

By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, GALLIANO MARINE SERVICE, L.L.C., is liable to Plaintiff:

a. Reasonable and necessary medical expenses in the past and in the future;
b. Physical pain and suffering in the past and in the future;
c. Mental anguish in the past and in the future;
d. Loss of earning capacity in the past and in the future;
e. Physical disfigurement in the past and in the future;
f. Physical impairment in the past and in the future;
g. All damages referred to elsewhere in this Complaint;
h. All damages allowed under law; and,
i. Any other relief to which Plaintiff is entitled under law or equity.

All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.

## JURY DEMAND

27.

Plaintiff hereby requests a trial by jury on all issues raised herein.

## PRAYER

28.

WHEREFORE, after due proceedings had, Plaintiff, LAYTON K. PRICE, prays that Defendants, GALLIANO MARINE SERVICE, L.L.C., be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment against Defendant, GALLIANO MARINE SERVICE, L.L.C., in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff must show himself justly entitled.

Respectfully submitted,

SCHECHTER, SHAFFER & HARRIS, LLP

    */S/ Laura B. De La Cruz*
LAURA B. DE LA CRUZ
Louisiana Bar No. 37966
Texas Bar Number: 24095300
MATTHEW D. SHAFFER*
Texas Bar No. 18085600
3200 Travis St., 3rd Floor
Houston, Texas 77006
Tel: (713) 524-3500
Facsimile: (866) 696-5610
Ldelacruz@smslegal.com
Mshaffer@smslegal.com
*Attorney will be seeking admission pro hac vice*

-AND-

DELISE & HALL

Jeannette M. Delise
Louisiana Bar No. 38187
Bobby J. Delise
Louisiana Bar No. 4847
5190 Canal Blvd., Suite 103
New Orleans, Louisiana 70124
Telephone: (504) 836-8000
Telecopier: (504) 836-8020
bdelise@divelawyer.com
jdeliselaw@gmail.com

Alton J. Hall, Jr.
Louisiana Bar No. 20846
528 W. 21st Avenue
Covington, LA 70433
Telephone: (985) 249-5915
Fax: (985) 809-5787

**Counsel for Plaintiff,**
**LAYTON K. PRICE**

PLEASE SERVE:

**GALLIANO MARINE SERVICE, L.L.C.**
Through its registered agent:
Dionne Chouest Austin
16201 East Main Street
Cut Off, Louisiana 70345